FILED

MAY 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50047 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00260-R-1 |
| v. | |
| JOHN ROMERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 10, 2012
Pasadena, California

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

Defendant-Appellant John Romero (Romero) appeals from the district

court's sentence of 41 months' imprisonment. His sentence was based in large part

on a 16-level increase to his base offense level pursuant to United States

Sentencing Commission Guidelines Manual (Sentencing Manual) § 2B1.1(b)(1)(I).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We vacate Romero's sentence and remand the case to the district court for resentencing consistent with the instructions provided in this memorandum disposition.

The district court did not err in failing to apply Sentencing Manual § 2E5.3. Romero was convicted of three counts of violating 18 U.S.C. § 1001, and the Sentencing Manual specifies § 2B1.1 as the guideline section application to this statute of conviction. *See* U.S. Sentencing Guidelines Manual appendix A. There was no reason to deviate from the general rule of determining the offense level for violations of 18 U.S.C. § 1001 under Sentencing Manual § 2B1.1. Romero's fraudulent conduct is not more aptly covered by another guideline. Thus, contrary to Romero's contention, Sentencing Manual § 2E5.3 was not the appropriate guideline to use for any enhancements applicable in this case.

At the sentencing hearing, the district court seems to have rejected the Government's contention that Romero caused losses greater than $1 million and found that the Government had only presented credible evidence that Romero caused $110,000 in losses, which was repaid before sentencing in a separate civil judgment. Despite making these apparent findings, the district court proceeded to

impose a sentencing enhancement for causing losses of more than $1 million, increasing Romero's offense level by 16. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(I). The district court never stated or implied that it believed Romero had caused losses exceeding $1 million for sentencing purposes. Thus, the district court seems to have made a mistake in imposing a sentence inconsistent with the facts it found (evidence of only $110,000 in losses) at the sentencing hearing.

"It is now settled that when a sentencing factor has an extremely disproportionate impact on the sentence relative to the offense of conviction, due process requires that the government prove the facts underlying the enhancement by clear and convincing evidence." *United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001). Here, the 16-level enhancement imposed by the district court had an extremely disproportionate impact on Romero's sentence because it increased Romero's guideline range from 0 to 6 months' imprisonment (based on a criminal history category of I and offense level of 6) to 41 to 51 months' imprisonment (based on a criminal history category of I and offense level of 22). *See* U.S. Sentencing Guidelines Manual Sentencing Table. Thus, due process required a clear and convincing standard of proof. *See, e.g.*, *United States v. Pineda-Doval*, 614 F.3d 1019, 1041 (9th Cir. 2010) (holding that the clear and convincing standard should have been applied where an enhancement increased the guideline

3

range from 168-210 months to life imprisonment); *Jordan*, 256 F.3d at 929; *United States v. Mezas de Jesus*, 217 F.3d 638, 643 (9th Cir. 2000). The record does not indicate that the district court required the Government to prove the facts underlying the 16-level sentencing enhancement (Romero's offense causing more than $1 million in loss) by clear and convincing evidence. In fact, the court seems to have rejected the Government's argument that the losses exceeded $1 million under any standard of proof. Consequently, Romero did not receive adequate due process. Because the district court failed to apply the proper standard of proof, we vacate Romero's sentence and remand for resentencing. *See Pineda-Doval*, 614 F.3d at 1041-42.

Romero's sentence must also be vacated and the case remanded for resentencing for additional reasons. Under Federal Rule of Criminal Procedure 32(i)(3), a court at sentencing "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). "For each disputed fact upon which the district court intends to rely in imposing the sentence, the district court must make an explicit factual finding that resolves the dispute." *United States v. Carter*, 219 F.3d 863, 867 (9th Cir. 2000). Here, the

4

district court had an obligation to rule on the disputed portions of the probation officer's presentence report (PSR) and Romero's objections to the Government's loss calculations. Because the district court did not do so, it failed to comply with Rule 32. Standing alone, this error also would require vacating Romero's sentence and remanding for resentencing. *See id.* at 869.

Romero's sentence must also be vacated as procedurally unreasonable. A procedurally erroneous or a substantively unreasonable sentence will be set aside. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "It would be procedural error for a district court to fail to calculate—or *to calculate incorrectly—the Guidelines range*; to treat the Guidelines as mandatory instead of advisory; *to fail to consider the § 3553(a) factors*; to choose a sentence based on clearly erroneous facts; *or to fail adequately to explain the sentence selected*, including any deviation from the Guidelines range." *Id.* (emphasis added). Romero's sentence was procedurally unreasonable for at least two reasons: (1) the district court incorrectly calculated the guideline range based on the facts it found (evidence of only $110,000 in losses) at the sentencing hearing, and (2) the district court failed to explain Romero's sentence adequately. We decline to reach Romero's remaining argument that his sentence is procedurally unreasonable because the district court failed to consider any of the 18 U.S.C. § 3553 factors.

5

We deny Romero's request that the case on remand be assigned to a different district judge. *See United States v. Lyons*, 472 F.3d 1055, 1071 (9th Cir. 2007). On remand, at the sentencing hearing, for any disputed fact upon which the district court intends to rely in imposing Romero's sentence, the court must make an explicit factual finding resolving the dispute. If the court chooses not to rely on a disputed factual statement from the PSR, it must state that the disputed fact was not taken into account in making any enhancement. *See Carter*, 219 F.3d at 867. Specifically, the court is instructed to state on the record:

> (1) what the court's factual findings are regarding the Government's filed objections to the PSR relating to the acceptance of responsibility and obstruction of justice adjustments;
>
> (2) what the court's factual findings are regarding the amount of loss, if any, caused by Romero, including findings regarding Romero's claims of double-counting by the Government and reporting errors on forms that Romero submitted to the Department of Labor;
>
> (3) what the applicable Guidelines range is;
>
> (4) what the reasons are for the sentence that the court selects, including the reasons for any enhancements and the reasons for any deviation from the Guidelines range;
>
> (5) whether the Government has proven the facts underlying any sentencing enhancement by clear and convincing evidence, if that enhancement has an extremely disproportionate impact on Romero's sentence; and
>
> (6) how the court has considered the factors set out in 18 U.S.C. § 3553(a) in imposing the sentence.

We do not suggest that the sentence must be reduced, or that the record could not support the 16-level adjustment or the entire sentence imposed. We intimate no view as to those questions. Our decision is based only on the failure of the district court to make the necessary findings, calculations, and explanations.

**VACATED AND REMANDED FOR RESENTENCING.**